UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
HESS ENERGY NEW YORK CORPORATION,

                                    Plaintiff,

        v.                                              08-CV-404

FRIAR TUCK INN OF THE CATSKILLS, INC.,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge


**DECISION and ORDER**


        In April 2008, Plaintiff commenced the instant action to recover $201,032.87 plus

interest, costs, fees and expenses, including reasonable attorney's fees, arising out of an

"Electricity Supply Agreement" ("Agreement") between Plaintiff and Defendant.  Defendant

was properly served copies of the summons and Complaint.  Although Defendant moved

to dismiss (which motion was denied), since that time, Defendant has failed to timely file

an Answer or otherwise appear in this matter.  The Clerk entered default against

Defendant on September 5, 2008.  Presently before the Court is Plaintiff's motion for a

default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

        Defendant's failure to appear constitutes an admission of all well-pleaded

allegations in the Complaint.  H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.

2006).  "While a party's default is deemed to constitute a concession of all well pleaded

allegations of liability, it is not considered an admission of damages. . . . Damages, which

are neither susceptible of mathematical computation nor liquidated as of the default,

usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Based on the default, Defendant admits the following facts.  Defendant entered into an Agreement with Plaintiff dated March 24, 2004 to purchase sufficient energy to meet the electric requirements for its facility beginning May 2004.  The Agreement provided, inter alia, that if Defendant failed to pay its invoice for electricity, Plaintiff could terminate the Agreement upon 15 days notice and the Defendant would owe, in addition to the billed amounts that remain unpaid, all of Plaintiff's collection fees and expenses, including its reasonable attorneys fees expended in its collection efforts.  Interest on unpaid invoices would accrue at 1.5 % per month beginning from the 20th day after the receipt of each invoice.

Beginning in June 2007, Defendant failed to pay the invoices rendered to it for electricity received.  On September 20, 2007, Defendant received written notice that it was in default under the Agreement and had 15 days to cure the default following which further deliveries could be suspended and the Agreement terminated.  Defendant did not make the required payments and was in arrears as of November 2007.  Plaintiff demanded but has not received payment up to $201,032.87 exclusive of interest and collection of costs which Plaintiff is due.  Defendant now owes Plaintiff $201,032.87 plus interest set forth in the Agreement and costs, fees and expenses, including reasonable attorney's fees in bringing this action as per the Agreement.

Based on the foregoing admissions, the Court finds that Plaintiff has established, as a matter of law, that Defendant breached the Agreement with Plaintiff and is in arrears.

That leaves the issue of damages.  Plaintiff is entitled to damages as part of his default judgment.  Fed. R. Civ. P. 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages. See Tamarin v.. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir.1993).  However, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir.1989).

Plaintiff's affidavit, together with the exhibits submitted with it, serve as a proper basis for damages that are susceptible to mathematical computation.  Plaintiff seeks judgment against Defendant in the principal amount of $201,032.87, plus contractual interest accrued through October 6, 2008 in the amount of $36,219.28, plus contractually permitted collection fees and expenses, including reasonable attorneys fees and taxable disbursements, in the amount of $28,621.70, for a total of $265,873.85.

Because these damages are susceptible of mathematical computation, the Court will enter judgment in this amount unless, within fourteen days of the date of this Order, Defendant files affidavits and/or other evidence, admissible in form, contesting or otherwise addressing the proper calculation of damages. In its submission, Defendant shall also indicate whether it is requesting an evidentiary hearing.

For the foregoing reasons, Plaintiff's motion for default is GRANTED on the issue of liability.  If Defendant fails to submit evidence in opposition to Plaintiff's claimed damages within fourteen days of the date of this Order, the Clerk shall enter judgment in favor of Plaintiff in the amount of $265,873.85.

IT IS SO ORDERED.


Thomas J. McAvoy
Senior, U.S. District Judge